UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

CORTNEY DUNLAP

Criminal No. 3:21cr 95 (KAD)

VIOLATION:
18 U.S.C. § 1347
(Health Care Fraud)

INFORMATION

The United States Attorney charges:

COUNT ONE
(Health Care Fraud)

Introduction

At all times relevant to this Information:

1.    At all times relevant to this Information, the defendant, CORTNEY DUNLAP, was a resident of the State of Connecticut.  Since in or about 2013, the defendant was a licensed professional counselor ("LPC") in Connecticut.

2.    The Connecticut Medicaid Program ("Medicaid") was a health care benefit program in which medical benefits, items, and services were provided to Medicaid clients in Connecticut.  The Connecticut Medicaid Program was jointly funded by the State of Connecticut and the federal government, and administered by the State of Connecticut's Department of Social Services.

DUNLAP's Scheme To Defraud Medicaid

3.    Between in or about August 2018, and continuing to in or about October 2020, in the District of Connecticut and elsewhere, DUNLAP knowingly, willfully, and with the specific

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
6|4|21                    20
Robin D. Tabora, Clerk
By
Deputy Clerk

1

intent to defraud, executed and attempted to execute a scheme and artifice to defraud Medicaid, a health care benefit program as defined under Title 18, United States Code, Section 24(b), and other health care benefit programs, and to obtain money and property owned by and under the custody and control of Medicaid by means of materially false and fraudulent pretenses and representations, in connection with the delivery of and payment for health care benefits, items, and services; that is, DUNLAP submitted and caused to be submitted to Medicaid materially false claims for psychotherapy that represented that licensed health care providers had personally provided the psychotherapy services, when as DUNLAP well and truly knew, the licensed health providers had not in fact provided the psychotherapy services, and no such psychotherapy services had in fact been provided at all.

<u>Manner and Means</u>

4.      In furtherance of the above scheme and artifice to defraud, DUNLAP committed the following acts.

5.      In October 2018, DUNLAP formed an entity known as Cortney Dunlap LPC LLC, of which he was the sole owner and operator, and registered that entity with the Connecticut Secretary of State.  From in or about October 2018, the defendant operated a business office for Cortney Dunlap LPC and Cortney Dunlap LPC LLC at 90 Brainard Road, Suite 105 in Hartford, Connecticut.

6.      On or about January 4, 2014, DUNLAP enrolled as a provider in the Medicaid program.

7.      On or about October 30, 2018, DUNLAP enrolled Cortney Dunlap LPC LLC as a provider in the Medicaid program.

8.    DUNLAP also formed, owned, and operated two other entities, known as Inspirational Care and KEYS Program Inc.  The offices of these entities were also located at 90 Brainard Road, Suite 105 in Hartford, Connecticut.  In addition to other operations, these two entities operated or managed group homes in various locations in Connecticut.  One of the purposes of the group homes was ostensibly to provide residences for women and children who were victims of domestic abuse.

9.    On or about January 4, 2014, DUNLAP enrolled Inspirational Care as a provider in the Medicaid program.

10.    Beginning in or about August 2018, and continuing through in or about October 2020, DUNLAP submitted and caused to be submitted materially false and fraudulent claims to Medicaid for psychotherapy services that were purportedly provided to Medicaid clients.  The claims were fraudulent in several respects:

(a) First, the vast majority of the claims were for occasions and dates of service when no psychotherapy services of any kind had been provided to the Medicaid clients identified in the claims;

(b) Second, on a limited number of occasions, some of the services provided were rendered by unlicensed individuals who were not qualified or licensed to provide psychotherapy, and billed as licensed psychotherapy personally rendered by the defendant;

(c) Third, beginning in or about June 2020, psychotherapy services were billed to Medicaid by Inspirational Care using the provider number of a licensed clinical social worker who did not in fact provide the services, and who was unaware that her provider number was being used to bill the nonexistent services.

11.     Beginning in February 2019, the defendant was employed full-time by the New Haven Public Schools as a guidance counselor at the New Haven Adult and Continuing Education Center. In order to further his heath care fraud scheme, on or about February 16, 2020, the defendant accessed in an unauthorized manner a database containing personal identification information, including names and dates of birth, of students and former students enrolled at New Haven Adult and Continuing Education. The database included information for students with whom the defendant did not have any professional relationship in his role as a guidance counselor and in fact had never met. The defendant then used this information to determine whether the students were insured by Medicaid, and, if so, identified the students' Medicaid member identification numbers. The defendant then submitted and caused to be submitted to Medicaid fraudulent claims for psychotherapy services that were never provided to the students.

12.     In order to further his health care fraud scheme, the defendant required tenants of the group homes operated or managed by Inspirational Care and KEYS Program to provide copies of the Medicaid member cards for the tenants and their children as a condition of the tenants residing at the group homes. These group homes were located in Hartford, Bristol, Cromwell, and Waterbury, Connecticut. The defendant then used these Medicaid member numbers to bill Medicaid for psychotherapy services that were not in fact provided to the tenants or their children.

13.     By engaging in all of the conduct described herein, DUNLAP caused the Connecticut Medicaid program a financial loss totaling approximately $1,313,322 during the existence of the scheme.

<u>Execution of the Scheme</u>

14.     On or about April 22, 2020, in the District of Connecticut, in order to execute the above scheme, DUNLAP submitted and caused to be submitted to Medicaid a materially false

claim for psychotherapy that represented that on April 12, 2020, the defendant personally provided a 60-minute session of psychotherapy (Current Procedure Terminology Code 90837) to a patient whose initials are T.T. when, as DUNLAP well and truly knew, no such psychotherapy services had been provided to T.T. by the defendant or anyone else, and on which claim Medicaid paid on or about April 24, 2020.

All in violation of Title 18, United States Code, Section 1347.

<u>FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) & 18 U.S.C. § 981(a)</u>
(Health Care Fraud)

15.    Upon conviction of the health care fraud offense alleged in Count One of this Information, defendant DUNLAP shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in the following personal property, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1347:

<u>Financial Account</u>:

(a)    An interest up the amount of $152,000 in People's United Bank, account number ending in 4832, held in the name of Inspirational Care Inc., which is named as the defendant in the related civil forfeiture action, *United States of America v. $152,000*, Case Number 3:20cv1512 (MPS).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United State Coode, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853; and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

DAVID J. SHELDON
ASSISTANT UNITED STATES ATTORNEY